USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM D. ROTBLUT,                        :

        Plaintiff,                        :

     -against-                        :

JOHN HANCOCK LIFE INSURANCE        :
COMPANY,
                                     :
        Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

04 Civ. 5563 (KWK)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

    Plaintiff William D. Rotblut ("Rotblut") commenced the instant action pro se, alleging that defendant John Hancock Life Insurance Company ("Hancock") violated the Americans with Disabilities Act and other federal and state laws.

    Hancock has made an application, pursuant to Fed. R. Civ. P. 12(b)(5), to dismiss the plaintiff's complaint, on the ground that Rotblut has not effected service of the summons and complaint properly. Rotblut has submitted an affirmation in opposition to the application.

    Rotblut made two attempts to effect service or secure a waiver of service from the defendant. Prior to his first attempt at service, Rotblut allegedly called Hancock's counsel and left a message in which he requested that the defendant waive service. According to Rotblut, he did not receive a reply to his message. Thereafter, he mailed a copy of the summons and complaint to the defendant's office in Boston, Massachusetts. The defendant maintains that this attempt at service was ineffective, as it did not comply with the requirements for service of process prescribed by the Federal Rules of Civil Procedure and the New York Civil Practice Law

1

and Rules ("CPLR").  Accordingly, the defendant made the above-noted application to dismiss the complaint.

Upon learning of the defendant's application, Rotblut maintains that he telephoned counsel to the defendant and again asked the defendant to waive service.  The defendant declined to do so.  The plaintiff then attempted to serve the defendant using the procedure prescribed by CPLR § 312-a, that is, by sending the defendant a copy of the summons and complaint via first-class mail, together with an acknowledgment of receipt by mail ("acknowledgment form") for the defendant to execute and return to him.  However, according to Hancock, it did not execute or return the acknowledgment form.

In order to maintain a civil action, a plaintiff must serve the summons and a copy of the complaint upon each defendant named in the complaint.  See Fed. R. Civ. P. 4(a).  The Federal Rules of Civil Procedure permit a plaintiff to effect service "pursuant to the law of the state in which the district court is located."  Fed. R. Civ. P. 4(e)(1).  New York law provides, in pertinent part, that a plaintiff may effect service by mail if he provides the defendant with, among other things, an acknowledgment form and a postage-paid return envelope, and if the defendant signs the acknowledgment form and returns it to the plaintiff within thirty days.  See CPLR § 312-a(a) & (b).

Rotblut's first attempt at service by mail did not satisfy CPLR § 312-a because he did not provide an acknowledgment form to Hancock.  Since Hancock declined to execute and return the acknowledgment form that Rotblut sent to it in his second attempt to serve the defendant by mail, that attempt also does not satisfy CPLR § 312-a.  Although Hancock now has copies of the summons and complaint and actual notice of the pendency of this action, "[a]ctual notice alone

will not sustain ... service or subject a person to the court's jurisdiction when there has not been compliance with prescribed conditions of service." Markoff v. South Nassau Community Hospital, 61 N.Y.2d 283, 288, 473 N.Y.S.2d 766, 768 (1984).

In order to avoid unnecessary costs in connection with service of process, the Federal Rules of Civil Procedure also permit a plaintiff to seek a waiver of service by mailing a copy of the complaint to a defendant, along with, among other things, a written request that the defendant waive service of a summons. See Fed. R. Civ. P. 4(d). When a request for waiver is made properly of a defendant subject to service, Rule 4(d) imposes upon the defendant an obligation to avoid unnecessary service costs. Id. To that end, the rule requires that the court impose upon a defendant who refuses a proper request for waiver "the costs subsequently incurred [by the plaintiff] in effect[ing] service on the defendant unless good cause for the failure be shown." Id.

In this action, Rotblut mailed a copy of the complaint to Hancock and requested that the defendant waive the requirement of service. However, Rotblut's request was oral, rather than written, and did not comply with the other requirements of Rule 4(d). Accordingly, Hancock did not have an obligation to waive service, and Rotblut remains obligated to effect service of the summons and complaint.

When a plaintiff fails to serve the summons and complaint within 120 days after the filing of the complaint, "the court . . . shall dismiss the action without prejudice," or "if the plaintiff shows good cause for the failure ... extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Even if no good cause is shown, a court may, in its discretion, "direct that service be effected within a specified time." Id.; see also Fed. R. Civ. P. 4, Advisory Committee Notes to 1993 Amendment.

Generally, courts "consider three factors to determine whether ... good cause exists: (1) whether the delay resulted from inadvertence or whether a reasonable effort to effect service has occurred, (2) prejudice to the defendant, and (3) whether the plaintiff has moved for an enlargement of time to effect service under Rule 6(b) of the Federal Rules of Civil Procedure." Echevarria v. Dep't of Correctional Services, 48 F. Supp. 2d 388, 392 (S.D.N.Y. 1999). Moreover, "the standards set by Fed. R. Civ. P. 4 should be liberally construed in order to allow personal jurisdiction in cases where the party has received actual notice and proper service may still be obtained." Feingold v. Hankin, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003).

Here, the plaintiff's attempts to serve the defendant by mail demonstrate that he made a reasonable effort to effect service, and that his failure to do so was unintentional. Furthermore, the defendant does not claim that it would be prejudiced should the plaintiff's time to effect service of process be enlarged. The Court is mindful that the plaintiff has not moved for an enlargement of time pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. However, the failure to make such a motion does not, by itself, demonstrate an absence of good cause. Gordon v. Hunt, 116 F.R.D. 313, 321 (S.D.N.Y. 1987).

Accordingly, the Court finds it appropriate to provide Rotblut an additional period of time, pursuant to Fed. R. Civ. P. 4(m), in which to effect service of the summons and complaint.

For the reasons set forth above, IT IS HEREBY ORDERED that, within 60 days of the date of this Order, the plaintiff shall:

(1) serve the summons and complaint on the defendant or secure a waiver of service from the defendant, pursuant to Fed. R. Civ. P. 4(d); and

(2) file proof of service or waiver with the Clerk of the Court or show good cause why service has not been effected.

The Court's decision on the defendant's motion to dismiss is reserved until the expiration of the above-noted 60-day period.

The plaintiff is directed to contact the Pro Se Office for this judicial district for any procedural assistance he may require. That office is located at 500 Pearl Street, Room 230, New York, New York, and its telephone number is (212) 805-0175.

Dated: New York, New York
April 22, 2005

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

William D. Rotblut
Jerome P. Coleman, Esq.
Randy S. Gidseg, Esq.